J. E. ALDRICH, Clerk, etc., v. P. P. PICKARD, Comptroller.

SUPREME COURT PRACTICE. *Agreed case.* An agreed case cannot be brought into this court for decision until after judgment by the inferior court.

FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson county. FRANK T. REID, J.

PILCHER & WEAVER for Aldrich.

ATTORNEY-GENERAL LEA for Pickard.

COOPER, J., delivered the opinion of the court.

This was an agreed case filed in the circuit court, but afterwards, by consent of parties, ordered by that court, without any adjudication, to be adjourned to

42—VOL. 12.

this court under the Code, sec. 4497. That section is: "Agreed cases may, by consent of the parties, be adjourned to the Supreme Court for decision."

The Constitution of 1870 provides that the jurisdiction of this court shall be "appellate only," "but it may possess such other jurisdiction as is now conferred by law on the present Supreme Court." Under the Constitution of 1834, which contained the same provisions, the question was raised whether this court could take jurisdiction of a case transferred to it from the chancery court under the acts of 1825 and 1829, which were in force at the adoption of that Constitution, and which authorized the transfer when a case had been continued two terms on account of the chancellor's incompetency. The court held that the words "appellate only" were the emphatic words of the Constitution, and that they limited the residue of the clause to such powers · as, though not appellate, were necessary to carry out the jurisdiction given: *Miller* v. *Conlee*, 5 Sneed, 432. And the court subsequently construed section 4497 of the Code as only meaning that agreed cases might be brought up by appeal from the judgment rendered thereon: *Freight Company* v. *Memphis*, 2 Cold., 249. The same words carried into the Constitution of 1870, by a well-settled rule of construction, must be held to have the same meaning. The case will be remanded to be proceeded with.